UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ASLANI and
SHEILA KNUBBE,

       Plaintiffs,                      Case Number 06-15018
                                                       Hon. David M. Lawson

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, KEVIN THEODORE
SIMON, and JOSEPH KIRCHMAIER,

       Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND
REMANDING CASE TO WAYNE COUNTY, MICHIGAN CIRCUIT COURT**

The plaintiffs have filed a motion to remand this case to the Wayne County, Michigan circuit court, where it was filed originally, on the ground that defendant State Farm Mutual Automobile Insurance Company did not file its removal notice within the thirty-day period set out in 28 U.S.C. § 1446(b). The Court scheduled the motion for oral argument on March 6, 2007, but the parties notified the Court that they preferred to submit the matter on briefs. The Court has considered the motion papers and finds that the case was removable based on the allegations in the original complaint. It appears that the defendant was served with that pleading more than thirty days before it filed its removal notice. Therefore, the removal notice is untimely, the removal was contrary to the statutory procedure, and the motion to remand will be granted.

I.

The principal issue raised by the plaintiffs' motion to remand and defendant State Farm's response is whether the case was removable based on the original complaint, or, on the other hand, the case did not become removable until the plaintiffs filed an amended complaint. The plaintiffs

filed their original complaint in the Wayne County, Michigan circuit court on September 5, 2006 against defendant State Farm only.  The essence of the complaint was that State Farm breached its insurance contract by failing to pay to the plaintiffs first-party no-fault benefits and uninsured motorist benefits resulting from an automobile accident that occurred on November 25, 2003.  The plaintiffs alleged that they had suffered a serious impairment of a body function and the amount in controversy exceeded $25,000.  The plaintiffs also alleged that they resided in Macomb County, Michigan and the defendant is "a foreign insurance company."  Pls.' Mot. Remand, Ex. A, Compl. ¶¶ 20, 21.

On September 21, 2006, the plaintiffs filed an amended complaint in state court adding as defendants Joseph Kirchmaier and Kevin Theodore Simon, the individuals who respectively owned and operated the other vehicle involved in the November 2003 accident.  The plaintiffs also set forth for the first time the basic facts of the accident, alleging that the collision occurred when the vehicle driven by Simon rear-ended the plaintiffs' vehicle while the latter was stopped at a red light.  They also contended that in the accident Aslani suffered "closed head injury, headaches, post-traumatic vascular headaches, and severe neck muscle spasms" and Knubbe suffered "neck pain, headaches, and low back pain."  Amend. Compl. ¶ 14.  The plaintiffs again asserted that they resided in Macomb County, Michigan, and State Farm was a foreign corporation.  They also alleged that newly-named defendant Simon was a resident of Wayne County, Michigan and Kirchmaier was a resident of Ohio.

On September 28, 2006, defendant State Farm filed an answer to the original complaint in state court.  On November 8, 2006, State Farm removed the action to this Court on the basis of diversity jurisdiction. In its notice of removal, State Farm alleged that it was served with the

plaintiffs' amended complaint on October 25, 2006. State Farm described itself as an Illinois company with its principal place of business in Illinois. Contrary to the plaintiffs' allegations in their amended complaint, State Farm asserted that defendant Simon is a citizen of Florida, not Michigan, although it agreed that defendant Kirchmaier is a citizen of Ohio. State Farm also asserted that the amount in controversy exceeds $75,000.

The plaintiffs filed the present motion to remand on December 1, 2006. Defendant State Farm filed its response in opposition on December 5, 2006. The added defendants have not appeared in the action, and there is no record that they have been served with process.

II.

According to 28 U.S.C. § 1446(b), a defendant seeking to remove a state court case to federal court must file its removal notice "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The plaintiffs contend that removal was improper because defendant State Farm failed to file its notice of removal within thirty days of service of the initial pleading in the case. The plaintiffs do not specify when the original complaint was served; however they appear to concede that the thirty days should be measured from the date State Farm filed its first answer: September 28, 2006. They argue that the removal notice would have been timely until October 29, 2006. Since the notice was not filed until November 8, 2006, the plaintiffs believe that removal was improper.

State Farm, however, points to the second paragraph of section 1446(b), which states:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

> removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). State Farm argues that it was entitled to remove the case based on the amended complaint because the new pleading "nam[ed] two additional diverse Defendants and [brought] another, different type of claim against Defendant [State Farm]." Resp. Brf. at 3. They say that when the thirty-day period is measured from the filing of the amended complaint, the November 8, 2006 removal notice is timely.

The problem with State Farm's argument is that it fails to address a key prerequisite to the applicability of the second paragraph of section 1446(b), namely that "the initial pleading is not removable." The purpose of that provision is to allow a defendant to remove an action that was not removable or did not appear to be removable based on the contents of the initial complaint. *See Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (explaining that "[t]he intent of § 1446(b) is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists") (internal quotation marks omitted).

In this case, the action presented in the original complaint was removable based on diversity of citizenship. The original complaint named only State Farm as a defendant, which is by all accounts an Illinois corporation with its principal place of business in that state. It is apparent from that pleading that the plaintiffs were citizens of Michigan. Complete diversity was present. The plaintiffs did not expressly assert an amount in controversy in excess of $75,000, but there was no new claim presented in the amended complaint that was not apparent from the original pleading, which was grounded in breach of contract both for first-party no-fault benefits and uninsured

motorist coverage. The plaintiffs alleged no new injury in the amended complaint, which State Farm has endorsed as containing a controversy involving more than $75,000.

Since the action was removable based on the initial pleading, State Farm had thirty days from the time it received the complaint to file a notice of removal. 28 U.S.C. § 1446(b). State Farm no doubt received that pleading before it filed its answer on September 28, 2006. Even using that date, however, the notice of removal filed on November 8, 2006 was untimely.

Lastly, State Farm argues that remanding the case now would waste judicial resources because the co-defendants are diverse and could remove the action themselves. That argument presumes that the co-defendants will be served, determine to participate in the litigation, seek removal within thirty days of service, and that each of them will join in the removal notice. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (holding that "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days"). All of this is quite speculative at this point. Moreover, "'the removal statute should be strictly construed and all doubts resolved in favor of remand.'" *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

### III.

The Court finds that the removal notice was not timely in accordance with 28 U.S.C. § 1446(b). When an action has been removed improperly, the matter must be remanded to the state court from which it came pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is **ORDERED** that plaintiff's motion to remand [dkt # 3] is **GRANTED**.

It is further **ORDERED** that this case is **REMANDED** to the Wayne County, Michigan circuit court for further proceedings. The Clerk shall send a certified copy of this order to the state court in accordance with 28 U.S.C. § 1447(c).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  March 8, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2007.

s/Felicia M. Moses<br>
FELICIA M. MOSES